**BOHM WILDISH, LLP**
James G. Bohm (SBN 132430)
Annie Ventocilla Won (SBN 249719)
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500 telephone
(714) 384-6501 facsimile
Attorneys for Plaintiff, COAST TO COAST REFERRAL CENTERS, INC.

**REED SMITH, LLP**
Amir Shlesinger (SBN 204132)
Jonathan D. Gershon (SBN 306979)
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  +1 213 457 8000
Facsimile:   +1 213 457 8080
Attorneys for Defendant Blue Cross of Idaho

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COAST TO COAST REFERRAL CENTERS, INC., a California corporation, | ) ) ) |  Case No.  8:16-cv-00837-JVS-KES |
| | ) ) | **JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| Plaintiff, | ) ) | |
| vs. | ) ) |  Complaint served:  July 28, 2016 FAC Filed:  Sept. 22, 2016 |
| BLUE CROSS OF IDAHO, an Idaho corporation; CHELSEY GRASHAM, an individual; CHARLES D. GRASHAM, an individual, and DOES 1 through 100, inclusive, | ) ) ) ) ) ) |  Honorable James V. Selna |
| Defendants. | ) ) | |
| _____ | ) | |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Upon agreement of the parties, and in accordance with the California Code of Civil Procedure, the California Rules of Court, and all applicable Local Rules of the United States District Court, Central District, the Court enters this Stipulated Protective Order:

<u>APPLICABILITY</u>

1.     This Protective Order shall apply to, and shall govern, all documents, things, discovery responses, and testimony designated by the disclosing party in good faith as constituting or containing confidential information pursuant to this Protective Order.   All documents produced in this litigation, whether or not marked as CONFIDENTIAL INFORMATION, shall be used solely for the purposes of this lawsuit and for no other purpose.

2.     The parties stipulate and agree that any and all records produced in this action by Blue Cross of Idaho, that pertain to Defendant Chelsey Grasham or Charles Grasham are designated CONFIDENTIAL.

3.     The use of any materials that are designated as CONFIDENTIAL at trial shall be governed by the orders of the trial judge.

<u>CONFIDENTIAL INFORMATION</u>

4.     Material may be designated "CONFIDENTIAL" if the designating party in good faith believes that disclosure of such material in this case without the designation may present a risk of injury to the disclosing party.   Confidential information includes, but is not limited, all materials reflecting, referring to, or evidencing any information deemed confidential by any local, state, or federal statute, ordinance, regulation, or other law, and all private or sensitive commercial, financial, personal or personnel, underwriting, rating, claims and insurance policy information.

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

5.     The Parties acknowledge that any conveyance of Protected Health Information ("PHI") is subject to the confidentiality requirements of the Health Insurance Portability and Accountability Act ("HIPAA").  Documents containing PHI shall be designated accordingly and both Parties shall comply with all HIPAA confidentiality requirements.

6.     The disclosing party shall designate any document containing confidential information by stamping on at least the first page thereof a notice reading "CONFIDENTIAL" or its equivalent.  The disclosing party shall designate things as containing confidential information by stamping or marking them in a similar manner, to the extent practicable. When confidential information is disclosed in a form not appropriate for such stamping or marking, it shall be designated in writing as CONFIDENTIAL at the time it is delivered to the receiving party. The term "CONFIDENTIAL INFORMATION" is used hereinafter to mean confidential information that has been designated as CONFIDENTIAL pursuant to this Protective Order.

7.     Except upon further order of the Court or by express written consent of counsel for the disclosing party, CONFIDENTIAL INFORMATION furnished in this litigation shall not be disclosed by the receiving party to any person or entity other than:

(a)     Counsel of record, including employees of counsel of record (such as paralegals, clerks, secretaries, associates, and partners) actively engaged in this litigation;

(b)     Employees of the respective parties, including in-house counsel, if any, who are actively engaged in assisting and/or advising counsel regarding the conduct of this litigation. Each party hereto represents that the employee and their secretaries have been (or will be prior to receiving CONFIDENTIAL INFORMATION) informed of the terms of this Protective Order and have

agreed (or will agree prior to receiving any CONFIDENTIAL INFORMATION) to be bound by its terms and conditions;

(c)     Independent accountants and experts retained by the parties for the purposes of this litigation reasonably necessary, (and the professional secretarial and clerical staff of such entities);

(d)     Court reporters and necessary support personnel of such court reporters retained in connection with depositions taken or testimony provided during the course of this action by any party in this litigation to the extent necessary to transcribe such testimony and identify exhibits marked;

(e)     Service bureaus engaged by counsel of record to perform clerical-type services in connection with this litigation, e.g., photocopying, imaging, computer data entry, and the like;

(f)     Employees of a party's insurance carrier, if any, that may cover damage claims made in connection with this lawsuit to the extent reasonably necessary to facilitate their involvement in this action;

(g)     The Court and its staff; and

(h)     Deponents during depositions or witnesses during hearings to the extent reasonably necessary to prepare for or provide trial, hearing, or deposition testimony, provided that (i) these individual not be permitted to keep copies of such documents or information, and (ii) counsel of record retains direct control of such CONFIDENTIAL INFORMATION at all times.

8.     Prior to the disclosure to any person identified in paragraphs 6(b), 6(c), 6(e), 6(f), and 6(h) hereof of an opposing party's CONFIDENTIAL INFORMATION, such person shall be furnished with a copy of this Protective Order and shall be required to execute an acknowledgment, in the form of Attachment "A" hereto, that the person has read this Protective Order and agrees to be bound by its terms, including the obligation to protect such confidential information from discovery by unauthorized co-employees and third persons.

- 4 -

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

9.     The parties acknowledge and agree that this Protective Order shall not be deemed to be a waiver of any of the parties' rights or remedies, other than those expressly waived herein.

<u>SPECIAL PROVISIONS FOR DEPOSITIONS</u>

10.     Prior to or during the deposition or within fifteen (15) days after receiving the deposition transcript of any person, any party may designate the entire deposition or any portion thereof as CONFIDENTIAL INFORMATION, in which case it shall be so considered and treated as within the terms of this Protective Order. The deposition shall be treated as containing CONFIDENTIAL INFORMATION until such designation is received or until after the aforementioned 15-day period, whichever occurs first. The original and all copies of any such deposition transcripts shall be considered to contain CONFIDENTIAL INFORMATION and shall be marked by the court reporter with the notice "CONFIDENTIAL INFORMATION COVERED BY PROTECTIVE ORDER" or the equivalent.

<u>SUBSEQUENT DESIGNATION OF TESTIMONY, DOCUMENTS AND THINGS</u>

11.     Failure of counsel to designate and/or mark any document, thing or testimony as CONFIDENTIAL INFORMATION as provided above shall not preclude the disclosing PARTY from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents and things so designated.  After such designation, such documents and things shall be fully subject to this Protective Order and treated thereafter according to the new or corrected designation. The receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

## FILING WITH THE COURT

12.    Any party who wishes to file any materials or information which a party designates as CONFIDENTIAL INFORMATION with the Court or referred to in documents filed with the Court, including deposition transcripts, answers to interrogatories, briefs, memoranda, affidavits, and the like, unless otherwise agreed by the parties or ordered by the Court, shall file an Application for leave to file the materials "under seal" pursuant to L.R. 79-5.2.2.  The parties acknowledge and agree that they are familiar with, or will become familiar with, the provisions of Federal Rules of Civil Procedure Rule 5.2 and L.R. 79-5.2.2, as well as any other requirements that exist now or may exist in the future, regarding the sealing of court records, and agree to be bound by its provisions.

## LIMITATIONS ON RESTRICTIONS

13.    The restrictions and obligations set forth in this Protective Order shall not apply to documents, materials, testimony or information which:

(a)    are, or become, public knowledge, other than through violation of the terms of this Protective Order;

(b)    are acquired by a non-designating party from a third party lawfully possessing such information and having no obligation of confidentiality to the designating party;

(c)    was lawfully possessed by a non-designating party prior to the opening of discovery in this proceeding;

(d)    are disclosed by a non-designating party with the approval of the designating party, except to the extent the information is inadvertently disclosed pursuant to paragraph 10.

14.    Nothing in this Protective Order shall restrict a party or its counsel from: using or disclosing documents, materials, testimony or information which they already possess or acquire by proper means independent of the formal discovery process in

this action; disclosing documents to an individual who either prepared or reviewed the document prior to the filing of this action; or using any information or documents at a deposition of the disclosing party or any of its employees.  This Protective Order shall not prohibit a party's counsel from contacting any person merely because that person's identity is disclosed in documents, materials, testimony or information that has been designated pursuant to the terms of this Protective Order. The restrictions and obligations set forth herein shall not be deemed to prohibit discussions with any person of any information if the person already has or obtains legitimate possession thereof.

## REMOVAL FROM CONFIDENTIALITY

15.    If   the   receiving   party   disagrees   with   a   CONFIDENTIAL INFORMATION designation, it may notify counsel for the disclosing party in writing of   such   disagreement   by   specifically   identifying   the   CONFIDENTIAL INFORMATION the receiving party contends is not confidential, and request that the designation be so changed.  Within fifteen (15) days after receipt of such request both parties will confer in good faith as to the proper status of such information.  If the parties are unable to reach agreement, the receiving party may apply to the Court to resolve the dispute by following the procedure outlined in L.R. 37.  At any hearing or briefing with respect to such re-designation, the disclosing party shall have the burden of   establishing   the   confidentiality   of   the   particular   CONFIDENTIAL INFORMATION. While such application and ruling are pending, the receiving party shall   treat   such   information   as   CONFIDENTIAL   INFORMATION   under   this Protective Order as designated by the disclosing party. No party shall be obligated to challenge the propriety of a confidential designation, and a failure to do so during or after this litigation shall not preclude a subsequent challenge to the propriety of such designation.

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

## GENERAL PROVISIONS

16.     This Protective Order shall be without prejudice to the right of any party to object or oppose production of any information for lack of relevance or any other ground other than the mere presence of CONFIDENTIAL INFORMATION. The existence of this Protective Order shall not be used by any party as a basis for discovery that is otherwise not proper under the Code of Civil Procedure.

17.     The parties acknowledge and agree that this Protective Order shall not be deemed to waive any of the parties' rights or remedies, other than those expressly waived herein.

18.     Each person, other than the Court or its staff, that receives materials designated CONFIDENTIAL, or their equivalent, or information contained therein:

(a)     shall not use the materials or information for any other purpose other than in connection with the conduct of this litigation;

(b)     shall agree to subject himself/herself/itself personally to the jurisdiction of this Court, solely for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order;

(c)     shall not disclose such materials or information to any person to whom disclosure is not authorized by the express terms of this Protective Order; and

(d)     shall maintain such materials or information in a secure and safe area, exercising all reasonable standards of due and proper care with respect to the storage, custody, and use of such materials or information, such that the materials or information are not further disclosed or used, either intentionally or unintentionally, in any manner inconsistent with this Protective Order.

19.     Any third party producing materials in this action may be included in this Protective Order by endorsing a copy of this order and delivering it to the party requesting materials, who, in turn, will serve it upon counsel for the other parties.

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

20.     Within (60) days after entry of dismissal of this action, or termination of this case by way of satisfied settlement, counsel for the parties shall assemble and deliver to each other all documents containing or referencing "Confidential" material. In the event of third party confidential information, such documents shall be delivered to the counsel for the party asserting confidential designation.  In the alternative, the producing party and receiving party may further stipulate in writing that all or some documents containing "Confidential" information may be destroyed so long as an appropriate certification satisfactory to the party asserting confidential designation is provided.

21.     All copies of deposition transcripts bearing a "Confidential" designation, whether written or video, shall be delivered to counsel for the party asserting such designation. All "rough" deposition transcripts and excerpts bearing a "Confidential" designation shall be returned, destroyed or deleted, and the party asserting "Confidential" designation may require certification to that effect from any participant of this Order.

//
//
//
//
//
//
//
//
//
//
//
//

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

22.   This Protective Order shall not preclude any party from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify this Protective Order, subject to the approval of the Court.

**IT IS SO STIPULATED:**

DATED: February 23, 2017

**BOHM WILDISH, LLP**


By:   /s/ Annie Ventocilla Won
      James G. Bohm
      Annie Ventocilla Won
      Attorneys for Plaintiff
      COAST TO COAST REFERRAL
      CENTERS, INC.

DATED: February 23, 2017                    REED SMITH, LLP


By     /s/Jonathan D. Gershon
       Amir Shlesinger
       Jonathon Gershon
       Attorneys for Defendant
       BLUE CROSS OF IDAHO

*Filer's Attestation:  Pursuant to Local Rule 5-1(i)(3), Jonathan D. Gershon hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*


**IT IS SO ORDERED.**

DATED: _____March 01, 2017_____

_____
Honorable Karen E. Scott
United States Magistrate Court Judge